Well, as the court has noted, my name is Theodore Spohr, and I represent the appellate Marvin DeVries. The court has before it an appeal from the Northern District of Iowa on a rather singular issue regarding the scope and application of the Iowa Tort Claims Act and its relationship to Section 1983 actions. The operative facts, I think, are relatively simple and undisputed, at least undisputed for purposes of this argument. The plaintiff was beaten and badly injured in an incident with the defendant David Driesen that occurred on September 29, 2010. I think the facts as alleged in the petition, which are taken as true for purposes of our argument today, since we're hearing a motion to dismiss or reviewing a motion to dismiss ruling, indicate that it was quite a savage beating, causing extensive facial damage and dental damage. Mr. DeVries filed his Tort Claims Act with the state of Iowa, pursuant to Iowa's Tort Claims Act, which in our brief we note is codified in Chapter 669 of the Code of Iowa. The question that arises is, does that act have any application in a 1983 setting? I think it's also undisputed that the Iowa Attorney General's Office, as required, reviewed the claim and denied the claim sometime after September 29, 2012. So the claim was being held by the Attorney General's Office during the time in which they argue the statute of limitations expired. Counsel, excuse me, let me ask you this. I don't think the record contains what grounds were raised or what the claim actually raised. Am I correct that that's not in the record? The claim that we raised was simply a Section 19. For purposes of our record today, it's just simply a Section 1983 action. That was part of the claim that was submitted to the Tort Claims, to the Attorney General's Office pursuant to the Tort Claims Act. And what was their reason for denying it? No reason was given. No reason was given, is that what you said? Yes, no reason was given. Okay. Well, I'm curious about the section of the Tort Claims law that takes out certain things, that excludes the things that really seem like what this case is all about, you know, false imprisonment, false arrest, a bunch of other assault and battery. Those are all things that are excluded from that, correct? Yes, that's correct. Those claims would be excluded. Well, I mean, why wouldn't this one be excluded? Because they cannot exclude a Section 1983 action from sovereign immunity. I don't think there's any federal authority that a state can avoid. I could be wrong about that, of course, but I have not located any authority that a state could avoid Section 1983 action, or 1983 liability. Okay, sorry, go ahead. Okay, so what we have then is we have a properly, well, we filed with the, the plaintiff filed with the, pursuant to the Tort Claims Act itself, the claim was denied. The lawsuit was filed within six months of denial of that claim. So the first, I don't think it's contested, that the Iowa Tort Claims Act at 669.13, I believe, has an extension clause that extends the statute of limitations to file a lawsuit up to six months after the state denies the tort claim. It's not argued and not applicable in the instant case that the six months it expired. The lawsuit was filed within those six months. So the question then becomes one of, does the Iowa Tort Claims Act administrative procedures have any application in a 1983 setting? The plaintiff contends it does, and it does for a fairly simple reason. The way the statute is worded, the express language of the statute, maybe not what other state statutes say, and maybe not what other courts have held, but the issue in this case basically centers on what happens if a tort claim is submitted. Can a tort claim be submitted at all pursuant to the Iowa statute? Well, the plain language of the statute indicates that it can. 669.2 sub 3 defines what a tort claim is, and it has three elements, and they're pretty basic elements. First of all, it has to be against the state of Iowa or its employees. That's obviously satisfied here. Second, it has to be for money only. That element is also satisfied here. And third element is for conduct which a private person would have been liable or could have been liable if committed by a private person. Well, that last clause is very important because that is a clause of inclusion that says what can be part of the tort claims administrative process. It is not a clause of exclusion that says what cannot be. Excuse me, counsel. So the criteria then would be for determining whether a plaintiff or punitive plaintiff has an option of following the administrative proceedings applied in the Iowa Tort Claims Act. Excuse me, counsel. Can I ask a question? On that third point about under the statute, it seems to me, I mean, isn't this a circular argument? It only applies if a private person could be liable for the conduct, but by definition under Section 1983, only someone acting under color of state law can be liable. So how can you have it both ways? It seems to me that it's a circular argument. Well, that's a good question, Your Honor. And we can have it, it applies because a private person can be liable under state law. Only if they're going under Section 1983. Well, but aren't those cases always where they're acting jointly with someone else? Well, those are the cases that have found that there is personal liability, but for purposes of applying those to the Iowa statute, there is no such delineation made. It doesn't say that the statute doesn't limit the scope of the Tort Claims Act to anything that doesn't require a joint action. For example, and we cited a Seventh Circuit case that I think is important. The tort claim, for example, could be brought against a private citizen acting in conjunction with a police officer. To slightly change the facts, if Officer Dreesen in this case would have had a call on the assistance of a private citizen to help him, we could sue the private citizen for 1983, but not sue anybody employed by the state. I frankly don't understand, I didn't understand from the briefs and I don't understand yet today why any of this state law issue makes any difference to whether the federal statute of limitations incorporates this six-month tolling. Well, I think it does because if the state... I don't think it's relevant. Well, I think it becomes relevant because the state of Iowa provides a procedure by which tort claims, as defined by the statute, can be administratively adjusted. But so what? It puts the state in a circular position to say... Counsel, counsel, wait a minute, I thought... Counsel, I thought it was a given that the 1983 suit can be filed whether or not a tort claims act is filed or is pending. Well, that's correct, Your Honor, but it also means that the state cannot compel administrative... Right, right, so therefore... But if the state, but this is a situation, what if the state, what if the plaintiff, rather, chooses to attempt the administrative adjustment of the claim pursuant to the statute, but on its face seems to clearly apply to similar torts? Federal law doesn't care, is the simple answer. Well, to a certain extent, I agree, Your Honor, but in this situation where the plaintiff has asked the state to adjust a claim and they deny that, and it appears on its face something that would be adjustable pursuant to the statute, the state can't have it both ways. Counsel, and let me just caution you that the way the phone line is working today, it's hard for us to interrupt you, so when you get going, take a breath every now and then so that if we want to jump in with a question, you'll be able to hear us. I'm curious, in this, there was a case of, I believe it's called Lown, where it was a prisoner case, and the prisoner was required to adjust the, I mean, to exhaust the prison remedies before he could come to court, but there was a, his statute of limitations was not told under that circumstance, right? I think that's correct. So why would it happen in this case where it's just an option? I mean, I don't see how there's any, well, even if it is an option, but your position is that the plaintiff gets the choice to go on the tort claims route or to, and if he loses there, then he gets to come back and file the 1983 case. Why wouldn't Lown preclude that? What's the difference in those two cases? Well, number one, in the Lown case, they waited, I think, four years to bring the action, and number two, there's no savings clause or extension clause in that, in those administrative statutes, I do not believe. Under the Tort Claims Act that we've pursued, there's a specific administrative statute that extends the statute of limitations. In those other, in the other statutes, the Iowa Prisoner, I think it was the Iowa Prisoner statutes, there is no such extension of the statute of limitations. Aren't you really arguing that what you're saying is that in Iowa, at least, the plaintiffs get a special deal because they don't have to follow the general personal injury statute of limitations that the Supreme Court says should govern all 1983 cases? So, I mean, why doesn't this conflict with the Supreme Court's decision in Wilson v. Garcia? Because the state court, I believe that applies as a substantive law, the state statute of limitations. Part of the state statute of limitations is the sort of bifurcated option when suing the state to sue under, or to pursue the statutory procedures under the Iowa Tort Claims Act. So the statute of limitations in Iowa, or at least what we're arguing, is not a clear-cut, always a two-year-from-the-date-of-injury circumstance. If it is against the state of Iowa, a plaintiff always has the right, if a private citizen, could be liable under any theory. That language does not limit the basis of the third party, of a private citizen's liability. It merely says if a private citizen would be liable under the same circumstances. So a private citizen that participated in the beating of this plaintiff would be liable under section, could be liable under section 1983, and therefore that triggers the third element of the Iowa Tort Claims Act. And therefore our statute of limitations is not a straight two-year statute of limitations if it falls under the ambitious section of chapter 669. Counsel, you have less than two minutes. Counsel, I would notice I have only about a minute and 45 seconds left of my 15 minutes. I don't know if the court wants me to stop now or if you have further questions. It's your option. Well, I will stop now and reserve my limited time for rebuttal. Very good.  Mr. Babich. Thank you, Your Honor. May it please the court, counsel. My name is Tim Babachek. I'm from the Iowa Attorney General's Office, and I'm here defending Trooper David Dreesen in his individual capacity. In the state's view, in Mr. Dreesen's view, there is one question, and that is simply whether the district court correctly dismissed plaintiff's 1983 claim because it was filed beyond the two-year statute of limitations set forth in Chapter 614 of the Iowa Code, which is the general personal injury statute. From the appellant's perspective, I suppose the question is whether the district court was required to reach out into the Iowa Tort Claims Act, Chapter 669, and give the plaintiff, the appellant, the benefit of that chapter's unique statute of limitations. There are three points that I'd like to emphasize today. The first is Wilson v. Garcia. We believe the analysis begins and ends with Wilson v. Garcia. For points of emphasis, the second and third points I'd like to discuss are, number one, the distinct cleavage between Chapter 614 of the Iowa Code and Chapter 669 of the Iowa Code. Then, finally, I'd like to talk a little bit about the Lown case. Judge Perry, briefly to answer your question that you posed to counsel early on in his argument,  that indicates when the appellant actually filed his Tort Claim Act with the State Appeal Board or when it was denied. Or is there anything about why it was denied? No. He simply pleads in paragraph 16 that he, quote, it's a conclusory allegation, it simply says we complied with all requirements of the Iowa Tort Claims Act. Does it matter? No, it doesn't. The Supreme Court has held for quite some time, and this Court has reiterated, that 1983 is a federal cause of action, and to vindicate your federal rights, you don't need to go to a state agency or our office and vindicate them there. As a matter of fact, there's a case that's not in our brief, but I believe it's called the Felder v. Casey case, 487 U.S. 131, which says to the extent a state were even to, for concurrent jurisdiction 1983 claims brought in state court, you can't even impose those strictures on a 1983 claim. They're preempted by federal law. But with Wilson, Wilson says what statute of limitations to use is a federal question. And I reviewed that case at length preparing for today because it was, of course, the case that the district court, with unusual brevity, used to dismiss this case. And that is the tort, in that case, it was squarely presented. It was a New Mexico case. And the question was, do you look to the New Mexico Tort Claims Act, do you look to the general personal injury statute, or do you look to this other residual statute they had in that case? And the court was very clear, you do not look to the State Tort Claims Act case. Now, I think what's confusing here a bit, or muddles the analysis perhaps, is that the Iowa State Tort Claims Act has a two-year statute of limitations with kind of a plus mark. But it does start with two years, which is exactly the same as we have for the personal injury action. But that doesn't mean that somehow you would import that statute into here. And so the court in Wilson said, flatly, general personal injury actions sounding in tort, that's the statute that governs. And with respect to this argument that the State Tort Claims Act would apply, the court said squarely, we are satisfied Congress would not have characterized 1983 as providing a cause of action analysis to state remedies. And also illuminating, and I know this is always a bit dangerous, but Justice O'Connor dissented in this case. And she talked about this decision in Wilson as being a, quote, blunt instrument. And that it would preclude, she criticized the majority for there could be situations where the State Tort Claims Act would be more favorable than the general provision. And that's precisely what's the case here in Iowa. If you do present it for administrative adjustment, you get this two years plus, I'll call it. But it doesn't apply. And Justice O'Connor said, you know, that's going to be the rub of the ruling. With respect to my second point, Iowa Code Chapter 614 versus 669, I would just emphasize this is a one or the other. We can't pick and choose some of the things we like from Chapter 669 and bring them into this new Section 1983 Statute of Limitations analysis that Appellant proposes. And one of the things I would stress, and this isn't explicit in our brief, when one looks at Chapter 614, it has a bunch of tolling provisions. And, of course, we do look to state law for tolling provisions. But in there, there's nothing in Chapter 614 that says if you have an administrative remedy somewhere for some other claim that you want to propose to seek, therefore your general Tort Claim Act, Tort case would be told. But, Counsel, the appellant argues that the language of the statute covers it. Why wouldn't he be allowed to follow it, given that the language of the tort claim statute allows him to file that kind of a tort claim? And why wouldn't it apply? I mean, you make some arguments in your brief that it's not covered by the language, but if you just read the strict language, it certainly looks like it could be. I understand where Your Honor is coming from. I think there's a case that the appellant cites called Rivera v. Woodward Resource Center. And he cites an Iowa Court of Appeals unpublished decision. That later resulted in a Supreme Court case. And in that case, the Iowa Supreme Court emphasized that these terms, claim, suit, and so on, within the Iowa Tort Claims Act are not perhaps what they might initially appear because the definition of claim, if you look at all the definitions, it says at the beginning, unless the context makes clear otherwise. And what we would stress is that the Iowa Tort Claims Act is simply not equipped or not designed at all to govern federal 1983 claims. It presumes the claim will be brought in state court. And that's one of the things that the appellant wants the extra six months, but doesn't want to bring the claim in state court. And as I mentioned earlier, to the extent the state of Iowa legislature purports, let's say you could even construe that somehow broadly to cover a federal 1983 claim. Going back to the Felder v. Casey case, that would be preempted. It is a, as Justice O'Connor says in the dissent, and this is the way we read Wilson too, is that it is a blunt instrument. It is a two-year statute of limitations, no matter what the state might say or how the state might want to funnel you through some other process. So if the exceptions in the, I mean, you do apply the tolling that's in the basic two-year statute, right? Yes, Your Honor. So if that did include a provision for a state administrative tort claims, unsuccessful one, say, if that was in there, then you would apply it, right? I believe it would have to be a general statute of tolling that didn't specifically attempt to refer to 1983 actions or purport to govern 1983 actions. It would simply be you could imagine a statute that perhaps could say anyone who has a tort claim against someone else. A discovery rule. Yeah. Typical tolling. I think discovery rules are applied. General tort discovery rules, amplifications of the tort statute limitations, I think they're applied in 1983 cases. I believe there is a portion of Chapter 614 that talks about, for example, if there was an injunction. So you could imagine like something going on somewhere else and some court says, I'm going to, you know, there's an injunction for me bringing this claim until some estate gets figured out or something along those lines. I have a question. If the district court is affirmed, in the state's view, if this case had been filed in state court, would it have been time barred? As a 1983 action? Yes, a 1983 action in state court. In the state's view, I believe we would argue that it would be time barred. Because that section does not purport to apply. So the ITCA is always optional between the claim versus going to state court? For 1983 actions. No, no, generally. Generally. Is it like the Federal Tort Claims Act? You can't come to federal court until you've gone through the process? You must exhaust, is that true? Forget federal court for the moment. Right. Do you have the option to go to state court as opposed to filing an ITCA claim with this particular claim? The statute itself presumes and requires exhaustion for any state claim. However, I believe this . . . Okay, so then this 19 . . . I mean, it seems to me that's the more . . . that's the benign answer. That the only thing that is time barred in this case is the federal court. He would not have been time barred in state court because he . . . the three elements. As he puts them. Yeah, I mean, isn't that the apparent answer? Well, and what . . . To me, it's apparent what should be the answer, but it's not apparent it would be. So I'm . . . does the state . . . has that ever come up? I'm certain it probably has. I mean, I think the problem with this case is he didn't plead when any of this happened. Doesn't . . . So we don't know. And second, the state claims all . . . If 614 applies in federal court, we don't care. That's right, Your Honor. Okay, now if he files it in state court . . . and if he . . . let's say he denominates his claim to the Attorney General or wherever it goes . . . as a 669 claim for a violation of 1983. And it's denied. And two and a half years later, within six months, but more than two years after he files the claim, or the cause of action approves, he goes to state court. Is it time barred? I think that's a much more complicated question. I think it's a question of state law. Right. And I think, you know, our position . . . I'm just wondering what regime the Attorney General thinks will result from this. Well, with respect to, you know, what we have argued in our brief, is that if you look at Section 21 and 22 of Chapter 669, there's a general talk in 21 about indemnifying and so on for claims and suits, so to speak, in the general sense. And then Section 22 speaks differently of 1983 and says, and we believe that it's just its own thing. And that makes sense in light of the Supreme Court cases saying . . . Meaning what in terms of this? You see, this is terribly important to me. If the result of this case is to force a lot of premature 1983 claims in Iowa to federal court, I don't like that. If the result is that if you do it right under state law, you don't come to federal court, you go to state court, which has jurisdiction over 1983 claims, I'm fine with that. I think that's a good answer, a good result. So the answer to the question you're not answering may drive the train for me. Well, Your Honor, I think that, of course, the Iowa legislature has its own policies that it may wish to pursue with respect to state claims brought in state court. I've just always understood that the United States Supreme Court, even with respect to 1983 claims brought in state court, has settled the issue that this blunt instrument, so to speak, governs. And I had read the last case I was going to talk about was the Lown case. I read Your Honor's Lown case to be a call to plaintiffs to not end up like you're here today. And that is if you want to be in federal court on a 1983 case, instead of being in state court on a 1983 case or any other kind of claim, file within two years. It's that simple. We'd ask that the district court be affirmed. Thank you. Mr. Spore has one minute and 32 seconds. Very good. For rebuttal, counsel? I simply would say that it appears that the state is ignoring what I believe the court has correctly identified as the unique nature of this question. We are talking about the difference between compulsory exhaustion of a state remedy, which everyone concedes the state cannot force us to do, versus voluntary or permissive administrative claim procedure that we do have in this case. The plain meaning of the statute, if you read the statute on its plain language, it does facially include potential 1983 defendants who are private citizens acting in conjunction with or in conspiracy with a state actor. And, frankly, the blunt instrument that the state describes very simply is application of the state law of statute of limitations, but Iowa's law of statute of limitations includes the two-year or, I'm sorry, the six-month savings clause or extension clause in our Tort Claims Act. And in applying the federal law to the state statute of limitations, as Wilson would indicate this court should do, that application leads to an inescapable deductive conclusion that an administrative remedy does apply and the six-month extension clause further applies. What about the fact that Wilson declined to adopt the New Mexico Tort Claims Act  I'm out of time. I would like to answer that, Your Honor. Yeah. I think in that case the New Mexico Tort Claims Act is not the same as ours. Okay. The face of the Iowa Tort Claims Act specifically allows for the filing of these kinds of cases, section 1983 cases, for administrative remedy. And I believe you noted correctly that the alternative result is people, certainly in Iowa, would never file in state court. All federal 1983 actions will immediately go to state court, will immediately go to federal court, along with all of their pendent jurisdiction claims. All right. Thank you, Counsel. And I'd like to thank the court for allowing me to appear this way. I much would have preferred to be there in person, but travel was simply not possible this week or not very comfortable. We sympathize and hope your recovery is quick and we'll take the case under advisement. Thank you, Your Honors.